Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 325} I concur only in the court’s decision to vacate Bennie Adams’s sentence of death based upon the state’s failure to produce sufficient evidence of aggravated burglary. But I respectfully dissent from the majority’s syllabus statements, analysis, and affirmance of the conviction in this case, because I believe that the wording of the jury’s verdict also invalidates the guilty verdict on the charge of aggravated murder.
{¶ 326} Adams was tried for aggravated murder based upon a charge of felony murder under R.C. 2903.01(B), which states that “[n]o person shall purposely cause the death of another * * * while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, * * * aggravated robbery, * * * [or] aggravated burglary.” The statutory language applicable to this case thus sets forth the possibility of any one of four different offenses, rather than merely “a felony,” as the predicate offense for felony murder.
{¶ 327} The jury’s verdict form at issue specifies:
We the jury in this case, duly impaneled, affirmed, and sworn, find the defendant Bennie L. Adams, guilty of committing the offense of aggravated murder while he was committing, attempting to commit or fleeing immediately after committing or attempting to commit rape, aggravated burglary, aggravated robbery or kidnapping and Bennie L. Adams was the principal offender in the aggravated murder.
{¶ 328} The jury was required to find that at least one of the four felonies listed was proved beyond a reasonable doubt as a predicate offense to support aggravated murder and the felony-murder capital specification. And as an element of the offense of aggravated murder and the capital specification, the particular predicate offense was to be found by the jury beyond a reasonable doubt.
{¶ 329} But because the jury’s verdict is worded in the disjunctive — rape, aggravated burglary, aggravated robbery, or kidnapping — and because the verdict was not tested by an interrogatory to show what predicate offense or offenses were found beyond a reasonable doubt, it is conceivable that the jury *488 determined Adams to be guilty of committing the offense of aggravated murder while committing, attempting to commit, or fleeing immediately after committing or attempting to commit only aggravated burglary. It is mere speculation that the jury found that any of the other three felonies that would have been an element of the aggravated-murder charge and the capital specification was proved. For this reason, I believe that the case must be remanded for a new trial rather than merely a new sentencing hearing.
{¶ 330} We have held that a defendant’s right to a unanimous verdict does not include a right to a unanimous theory of culpable conduct supporting that verdict. See State v. Johnson, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 65; see also State v. Skatzes, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 53-54. These cases provide that jurors in a capital case “need not agree on a single means for committing an offense” and that there is no general requirement that the jury agree on preliminary factual issues underlying the verdict. State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 188.
{¶ 331} The foregoing cases were decided relying on reasoning stated in the plurality opinion in Schad v. Arizona, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). But they do not satisfactorily discuss the line of recent cases beginning with Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and culminating in Alleyne v. United States, 570 U.S. — , 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The majority cites a footnote in a federal habeas case reviewing convictions obtained under Oklahoma law, Spears v. Mullin, 343 F.3d 1215, 1236 (10th Cir.2003), fn. 20, along with a noncapital case from Nevada, Crawford v. State, 121 Nev. 744, 750, 121 P.3d 582 (2005), to say that Apprendi principles do not apply. But I believe that upholding this defective verdict would amount to approving “judicial factfinding that increases the mandatory minimum sentence for a crime” and would violate the Sixth Amendment. Alleyne at 2155. On resentencing, the sentencing judge would be asked to supply a fact (the existence of a specific predicate offense) when the jury did not specifically make that finding in its verdict form. I have previously noted that
AUeyne follows a line of Sixth Amendment cases that recognizes the jury’s right and obligations as fact-finder. The jury must find all elements of a crime beyond a reasonable doubt. Id. at 2156. A judge cannot impose a sentence that relies on facts not reflected in the jury’s verdict. Apprendi v. New Jersey, 530 U.S. 466, 483, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 304, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
*489 Paul J. Gains, Mahoning County Prosecuting Attorney, and Ralph M. Rivera and Martin P. Desmond, Assistant Prosecuting Attorneys, for appellee.
State v. Willan, 144 Ohio St.3d 94, 2015-Ohio-1475, 41 N.E.3d 366, ¶ 39 (Lanzinger, J., dissenting). We must be especially mindful of these principles in a capital case, in which the penalty of death — the ultimate penalty enhancer — is a possibility-
{¶ 332} Furthermore, given the further developments arising from the Apprendi line of cases, I decline to join in Justice O’Donnell’s analysis of the issues presented in this ease, because both Griffin v. United States, 502 U.S. 46, 48, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) (in which the court declined to address whether a Sixth Amendment violation had occurred), and Sochor v. Florida, 504 U.S. 527, 538, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992) (in which the court rejected an argument that the jury’s improper consideration of a sentencing factor violated the Eighth Amendment), predated Apprendi and did not address a defendant’s rights under the Sixth Amendment.
{¶ 333} Because Apprendi prevents Adams from being sentenced upon facts not reflected in the jury’s verdict, he cannot be sentenced based upon the jury’s flawed verdict form. And the wording of the jury’s verdict in this case prevents us from concluding that the jury found all elements of the crime of aggravated murder beyond a reasonable doubt.
{¶ 334} The majority concludes, and I agree, that insufficient evidence was presented to establish that Adams committed aggravated burglary, one of the alternative elements supporting the capital specification and the charge of aggravated murder. Because the verdict form is worded in the disjunctive rather than the conjunctive, it is possible that the jury’s verdict rested on an erroneous finding that Adams committed aggravated burglary as the element supporting the specification and the aggravated-murder charge. We cannot uphold Adams’s guilty verdict when the jury did not make the required findings, and the ambiguity of the jury’s verdict accordingly precludes us from affirming something that the jury may not have even decided.
{¶ 335} I disagree with the majority’s holdings that sufficient evidence was presented to permit the jury to find that Adams committed rape, kidnapping, and aggravated robbery. The majority’s conclusions in this regard miss the key point, which is that we do not and cannot know what the jury unanimously found beyond a reasonable doubt — the verdict is not clear. I accordingly dissent from the majority’s affirmance of the aggravated-murder conviction and would hold that this case must be remanded for a new trial.
*490 John B. Juhasz; and Maro & Schoenike Co. and Lynn A. Maro, for appellant.